Kathryn G. Mahady (28916)
Jason J. Bliss (18246)
**ASPEY WATKINS & DIESEL, PLLC**
123 N. San Francisco Street, 3ʳᵈ Floor
Flagstaff, Arizona 86001
Telephone:  (928) 774-1478
KMahady@awdlaw.com
JBliss@awdlaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony, Ophelia; Becenti, JoVonna; Curley, Pauline; Dejolie, Margaret; Delgarito, Cherilyn; Garcia, Cynthia; Halona, Rhonda; James-Tafoya, Tina; Saganey, Elvera; Thompson, Cherrilyn; Whitehorse, Jamie; Yazzie, Jamie; and Yazzie, Paula, | Case No. <br><br> **COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| United States of America, | |
| Defendant. | |

Plaintiffs, Ophelia Anthony, JoVonna Becenti, Pauline Curley, Margaret Dejolie, Cherilyn Delgarito, Cynthia Garcia, Rhonda Halona, Tina James-Tafoya, Elvera Saganey, Cherrilyn Thompson, Jamie Whitehorse, Jamie Yazzie, and Paula Yazzie (collectively "Plaintiffs"), through counsel undersigned, hereby submit their Complaint against Defendant, United States of America, and allege as follows:

///

- 1 -

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

## JURISDICTION AND VENUE

1.      This is a claim for negligence and other torts pursuant to the Federal Tort Claims Act ("FTCA"), United States Code ("U.S.C.") sections 28 U.S.C. §§ 2671 et. seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(b).

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2). The actions upon which Plaintiffs base their Complaint occurred within the District of Arizona.

## PARTIES

3.      Plaintiffs are all current employees of Fort Defiance Indian Hospital Board, Inc. ("FDIHB").

4.      Plaintiff Ophelia Anthony ("Anthony") is the Medical Recruiting Coordinator at FDIHB.

5.      Plaintiff JoVonna Becenti ("Becenti") is a Desktop Support Technician in FDIHB's IT Department.

6.      Plaintiff Pauline Curley ("Curley") is a Human Resources Generalist at FDIHB.

7.      Plaintiff Margaret Dejolie ("Dejolie") is the Executive Assistant to Dr. Sandra Aretino, the Chief Executive Officer of FDIHB.

8.      Plaintiff Cherilyn Delgarito ("Delgarito") is a Benefits Specialist at FDIHB.

9.      Plaintiff Cynthia Garcia ("Garcia") is the Director of Risk Management at FDIHB.

10.      Plaintiff Rhonda Halona ("Halona") is the Interim Human Resources Information System Support Specialist at FDIHB.

///

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

11.     Plaintiff Tina James-Tafoya ("James-Tafoya") is the Chief Administrative Officer at FDIHB.

12.     Plaintiff Elvera Saganey ("Saganey") is a Human Resource Generalist at FDIHB. At the time Saganey served her Notice of Claim in this matter, her name was Elvera Shirley.

13.     Plaintiff Cherrilyn Thompson ("Thompson") is the Human Resources and Employee Engagement Manager at FDIHB.

14.     Plaintiff Jamie Whitehorse ("Whitehorse") is the Director of Security at FDIHB.

15.     Plaintiff Jamie Yazzie ("J. Yazzie") is the Executive Assistant to the Chief Human Resources Officer at FDIHB.

16.     Plaintiff Paula Yazzie ("P. Yazzie") works in the Housing Department at FDIHB.

17.     FDIHB is an independent hospital on the Navajo Nation.

18.     FDIHB entered a contract ("638 Contract") with the U.S. Department of Health and Human Services ("HHS") pursuant to the Indian Self-Determination and Education Assistance Act of 1975 ("ISDEAA"), Public Law 93-638.

19.     Section 314 of Pub. L. 101-512 provides the following with respect to tribal employees and FTCA claims:

[A]fter September 30, 1990, any civil action or proceeding involving [tort] claims brought hereafter against any tribe, tribal organization, Indian contractor or tribal employee covered by this provision shall be deemed an action against the United States and will be defended by the Attorney General and be afforded the full protection and coverage of the Federal Tort Claims Act.

20.     Pursuant to Section 314 of Pub. L. 101-512, Plaintiffs' action is an action against the United States under the FTCA, and the United States is the appropriate Defendant.

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

# BACKGROUND

A. Fort Defiance Indian Hospital Board, Inc.

21.     The Bureau of Indian Affairs controlled FDIHB until 1955, when the U.S. Congress transferred control of FDIHB to the U.S. Public Health Service's Indian Health Service.

22.     On March 28, 2010 FDIHB received approval to become the fourth self-determined hospital on the Navajo Reservation, pursuant to Public Law 93-638.

23.     Throughout all events relevant to Plaintiffs' claims, FDIHB was a "638 Entity," pursuant to Public Law 93-638.

B. Surreptitious Taping of FDIHB Employees

24.     In late January 2018, each Plaintiff attended a meeting with FDIHB's Chief Executive Officer, Dr. Sandra Aretino ("Aretino"); FDIHB's Chief Human Resources Officer, Margaret Lynch ("Lynch"); and an Assistant U.S. Attorney.

25.     Each Plaintiff learned during the meeting that former FDIHB employee Garrison Sloan ("Sloan") committed criminal acts at FDIHB, capturing still and video images of numerous employees in FDIHB's restrooms for up to a year and a half prior to the meeting.

26.     Aretino and Lynch informed Plaintiffs that Sloan had placed recording devices in FDIHB's Administration restroom and another restroom at the south end of the hospital.

27.     Plaintiffs also learned that the Federal Bureau of Investigation ("FBI") had been investigating Sloan's criminal activity.

28.     Prior to the meeting, FDIHB terminated Sloan.

///

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3RD Floor
Flagstaff, AZ 86001
(928) 774-1478

29.     When he committed the acts described herein, Sloan was working within the scope of his employment at FDIHB.

30.     Plaintiffs learned the FBI had photos of Plaintiffs in the bathroom and that all Plaintiffs would need to identify themselves in the photos.

31.     Aretino and Lynch asked Plaintiffs not to discuss the matter with any other person because the FBI considered Sloan to be a flight risk.

a.   Plaintiff Ophelia Anthony

32.     On January 24, 2018 Anthony attended the meeting with Aretino, Lynch, an Assistant U.S. Attorney, and an FBI Agent and learned she was a victim of Sloan's criminal activities.

33.     Anthony identified herself in six still-shot images from video Sloan had surreptitiously taken of her in the restroom. In one of the images, Anthony was buttoning her pants after using the restroom.

34.     Anthony later learned numerous supervisors and members of FDIHB leadership knew about Garrison Sloan's activities approximately one year before informing FDIHB staff of the same.

35.     Anthony experienced excruciating mental anguish and feelings of humiliation, shock, and anger because of the photos. She was very distraught, so she left the building to take a walk and compose herself before returning to her workstation.

36.     Anthony finished the day with difficulty, needing to take several breaks throughout the day to compose herself.

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ʳᵈ Floor
Flagstaff, AZ 86001
(928) 774-1478

37.     Anthony continues to experience excruciating mental anguish because of the extreme invasion of her privacy FDIHB allowed to occur.

      b.   Plaintiff JoVonna Becenti

38.     In late January 2018, Becenti attended the meeting with Aretino, Lynch, and an Assistant U.S. Attorney and learned she was a victim of Sloan's criminal activities.

39.     Becenti identified herself in approximately thirty to forty photos Sloan had surreptitiously taken of her in the restroom and possibly from the shower in the employee fitness area.

40.     There were multiple photos in which  Becenti was naked or partially naked.

41.     Becenti experienced excruciating mental anguish and feelings of anger because of the photos. She was completely humiliated and was unable to return to her workstation either the day of the meeting or the next day.

42.     Becenti continues to experience excruciating mental anguish because of the extreme invasion of her privacy FDIHB allowed to occur.

      c.   Plaintiff Pauline Curley

43.     In late January 2018, Curley attended the meeting with Aretino, Lynch, and an Assistant U.S. Attorney and learned she was a victim of Sloan's criminal activities.

44.     Curley identified herself in many pictures in the restroom. In one of the photos, she was pulling up her pants after using the restroom.

45.      Curley experienced excruciating mental anguish and feelings of anger because of the photos. She was completely humiliated, shocked, and overwhelmed and was unable to

1   return to her workstation either the day of the meeting or the next day.

2   46.   Curley continues to experience excruciating mental anguish because of the extreme

3   invasion of her privacy FDIHB allowed to occur.

4   d.   Plaintiff Margaret Dejolie

5   47.   In a meeting on January 24, 2018 Aretino and Lynch informed Dejolie that Sloan

6   had committed criminal acts at FDIHB, videotaping employees in the restroom. They

7   informed Dejolie that she was one of his victims.

8   48.   While Aretino and Lynch informed Dejolie she could take the rest of the day off

9   after learning this disturbing news, Dejolie could not actually do so because FDIHB had a

10   meeting of the Board of Directors on January 26, 2018. Dejolie was responsible for creating

11   the packets of documents to be distributed to the Board of Directors at the meeting.

12   49.   Because most of the victims of Sloan's activities had left FDIHB for the day after

13   learning of Sloan's crimes, there was no other employee who could prepare the documents

14   necessary for the Board of Directors meeting.

15   50.   Rather than postpone the Board of Directors meeting so all the victims of Sloan's

16   activities could leave FDIHB for the day, FDIHB held the meeting as scheduled and Dejolie

17   needed to stay at FDIHB to prepare the documents for the meeting.

18   51.   Dejolie was very distraught, so she left the building to take a walk and compose

19   herself before returning to her workstation. She needed to take multiple breaks to compose

20   herself throughout the day, since she could not leave FDIHB until she received all the

21   documents necessary for the Board of Directors' meeting packets.

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

52. Vivian Santistevan, FDIHB's Chief Human Resources Officer ("Santistevan"), contacted Dejolie when Dejolie returned to her desk and said numerous times to her that "this is my [Santistevan's] fault and I failed to protect you and others."

53. Dejolie finished the day on January 24, 2018 with difficulty, needing to take several breaks throughout the day to compose herself.

54. Dejolie met with the FBI Special Agent assigned to the investigation in the morning of January 25, 2018 to identify herself in photos taken in the restroom.

55. Dejolie identified herself in at least five photographs.

56. In all the photographs the FBI showed Dejolie, she was fully clothed, but the FBI agent informed her there were others in which she was not fully clothed.

57. Dejolie again experienced excruciating mental anguish and feelings of anger because of the photos. She was completely humiliated and cried throughout the meeting.

58. Dejolie continues to experience excruciating mental anguish because of the extreme invasion of her privacy FDIHB allowed to occur.

e. Plaintiff Cherilyn Delgarito

59. In late January 2018, Delgarito attended the meeting with Aretino, Lynch, and an Assistant U.S. Attorney and learned she was a victim of Sloan's criminal activities.

60. Delgarito had previously heard from a source outside FDIHB that someone had taken videos or photos of people in the restroom at FDIHB.

61. Delgarito identified approximately six photos of herself using the restroom.

62. Delgarito experienced excruciating mental anguish and feelings of anger because of

- 8 -

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

1    the photos. She was completely humiliated and was unable to return to her workstation either

2    the day of the meeting or the next day.

3       63.     Delgarito continues to experience excruciating mental anguish because of the

4    extreme invasion of her privacy FDIHB allowed to occur.

5          f.    <u>Plaintiff Cynthia Garcia</u>

6       64.     In January 2017, Garcia learned of a cellular phone found in an FDIHB restroom

7    and instructed her employee Jennifer Yazzie to start an investigation.

8       65.     During the investigation, employees of FDIHB's Facility Maintenance department

9    found drill holes in restrooms above the toilets and showers in the area formerly used as

10    employees' workout room.

11       66.     Learning about the cell phone camera and the holes caused Garcia to be very

12    distraught and took a toll on her mental state, though she did not yet know she was a victim of

13    any criminal activity.

14       67.     In late January 2018, Garcia attended the meeting with Aretino, Lynch, and an

15    Assistant U.S. Attorney and learned she was a victim of Sloan's criminal activities.

16       68.     Garcia identified two photos of herself using the restroom at FDIHB.

17       69.     Garcia experienced excruciating mental anguish and feelings of anger because of

18    the photos. She was completely humiliated and was unable to return to her workstation either

19    the day of the meeting or the next day.

20       70.     Garcia was experiencing severe post-partum depression at the time she learned she

21    was a victim of Sloan's criminal activity at FDIHB and this experience aggravated her

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

depression.

71.     Garcia continues to experience excruciating mental anguish because of the extreme invasion of her privacy FDIHB allowed to occur.

g.   Plaintiff Rhonda Halona

72.      In late January 2018, Halona attended a meeting with Aretino and Lynch regarding Sloan's criminal activities.

73.     About a year prior to this meeting, Halona had heard a rumor that FDIHB had found cameras in one of the restrooms, but she had not learned any details.

74.     After meeting with Aretino and Lynch, Halona met with Santistevan and learned she was a victim of Sloan's criminal activities.

75.     Santistevan asked if Halona wanted to see either a traditional healer or a pastor for counseling regarding her victimization, both of whom were men.

76.     Santistevan escorted Halona to meet with an Assistant U.S. Attorney to identify herself in images Sloan captured in FDIHB restrooms.

77.     At this meeting, Halona identified herself in one photo at the sink in the restroom.

78.     Halona learned there were many other pictures the FBI thought might have been of her but could not conclusively identify Halona as the victim in such photos.

79.     During this meeting, Halona also learned her daughter Jamie Yazzie, who was pregnant at the time, was also a victim of Sloan's activities. This was extremely upsetting for Halona to learn.

///

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

80.     Following this meeting, Santistevan escorted Halona to the FDIHB meditation room to meet John Tsosie, a traditional healer with FDIHB.

81.     Halona later learned numerous supervisors and members of FDIHB leadership knew about Sloan's activities approximately one year before informing FDIHB staff of the same.

82.     In a later meeting with Santistevan regarding the photos, Santistevan told Halona Garrison Sloan "lied to me. He sat right here and lied to me."

83.      Halona experienced excruciating mental anguish and feelings of anger because of the photos. She was completely humiliated and was unable to return to her workstation either the day of the meeting or the next day.

84.     Halona continues to experience excruciating mental anguish because of the extreme invasion of her privacy FDIHB allowed to occur.

        h.   Plaintiff Tina James-Tafoya

85.     James-Tafoya has worked at FDIHB for almost eight years and often serves as the Acting CEO of FDIHB when the CEO is away from the hospital.

86.     In early 2017, James-Tafoya was serving as Acting CEO of FDIHB when an employee found a camera taped to a trash barrel in the restroom.

87.     James-Tafoya reported the camera to Santistevan and to her direct superior, Aretino.

88.     James-Tafoya did not hear anything further about the camera again for approximately a year.

///

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ʳᵈ Floor
Flagstaff, AZ  86001
(928) 774-1478

89. In late January 2018, James-Tafoya attended the meeting with Aretino, Lynch, and an Assistant U.S. Attorney and learned she was a victim of Sloan's criminal activity.

90. James-Tafoya identified herself in numerous photos.

91. There were multiple photos in which James-Tafoya was naked.

92. It also appeared to James-Tafoya that there may have been photos from the shower in the employee fitness area.

93. Several of the pictures of James-Tafoya were during James-Tafoya's menstrual period, which is a very sacred time for Navajo women.

94. James-Tafoya experienced excruciating mental anguish and feelings of anger because of the photos. She was completely humiliated and was unable to return to her workstation either the day of the meeting or the next day.

95. James-Tafoya continues to experience excruciating mental anguish because of the extreme invasion of her privacy FDIHB allowed to occur.

i.  Plaintiff Elvera Saganey

96. In late January 2018, Saganey attended the meeting with Aretino, Lynch, and an Assistant U.S. Attorney and learned she was a victim of Sloan's criminal activities.

97. Saganey identified herself on nine pages of photos, with three to five photos on each page. In each of the photos, Saganey was using the restroom at FDIHB.

98. Saganey experienced excruciating mental anguish and feelings of anger because of the photos. She was completely humiliated and was unable to return to her workstation either the day of the meeting or the next day.

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ʳᵈ Floor
Flagstaff, AZ 86001
(928) 774-1478

99.     Saganey continues to experience excruciating mental anguish because of the extreme invasion of her privacy FDIHB allowed to occur.

      j.   <u>Plaintiff Cherrilyn Thompson</u>

100.    In late January 2018, Thompson attended the meeting with Aretino, Lynch, and an Assistant U.S. Attorney and learned she was a victim of Sloan's criminal activities.

101.    Thompson identified multiple photos of herself using the restroom at FDIHB.

102.    Thompson experienced excruciating mental anguish and feelings of anger because of the photos. She was completely humiliated and was unable to return to her workstation either the day of the meeting or the next day.

103.    Thompson continues to experience excruciating mental anguish because of the extreme invasion of her privacy FDIHB allowed to occur.

      k.   <u>Plaintiff Jamie Whitehorse</u>

104.    In late January 2018, Whitehorse attended the meeting with Aretino, Lynch, and an Assistant U.S. Attorney and learned she was a victim of Sloan's criminal activities.

105.    Whitehorse identified numerous photos of herself using the restroom at FDIHB.

106.    Whitehorse experienced excruciating mental anguish and feelings of anger because of the photos. She was completely humiliated and was unable to return to her workstation either the day of the meeting or the next day.

107.    Whitehorse continues to experience excruciating mental anguish because of the extreme invasion of her privacy FDIHB allowed to occur.

///

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ʳᵈ Floor
Flagstaff, AZ 86001
(928) 774-1478

l.   Plaintiff Jamie Yazzie

108.     In late January 2018, J. Yazzie attended the meeting with Aretino, Lynch, and an Assistant U.S. Attorney and learned she was a victim of Sloan's criminal activities.

109.     About a year prior to this meeting, J. Yazzie had heard a rumor that FDIHB had found cameras in one of the restrooms, but she had not learned any details. J. Yazzie trusted her employer not to place her in danger of becoming the victim of a sexual predator.

110.     This January 2018 meeting was the first time she learned for certain that FDIHB had employed a sexual predator for numerous years.

111.     At this meeting, J. Yazzie identified herself in at least six photos in the restroom.

112.     J. Yazzie was pregnant in three of the six photos.

113.     FDIHB instructed J. Yazzie not to tell anyone about the photos.

114.     J. Yazzie experienced excruciating mental anguish and feelings of anger because of the photos. She was completely humiliated and was unable to return to her workstation the day of the meeting.

115.     J. Yazzie could not take off the day after she learned of the photos because of FDIHB's Directors' Meeting.

116.     J. Yazzie felt further violated because FDIHB provided only male counselors for the victims, the majority of whom were women.

117.     J. Yazzie continues to experience excruciating mental anguish because of the extreme invasion of her privacy FDIHB allowed to occur.

///

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

m.  Plaintiff Paula Yazzie

118.   In late January 2018, P. Yazzie attended the meeting with Aretino, Lynch, and an Assistant U.S. Attorney and learned she was a victim of Sloan's criminal activities.

119.   At this meeting, P. Yazzie identified herself in nine pages of photos.

120.   There were multiple photos in which P. Yazzie was naked.

121.   It also appeared to P. Yazzie that there may have been photos from the shower in the employee fitness area.

122.   P. Yazzie experienced excruciating mental anguish and feelings of anger because of the photos. She was completely humiliated and was unable to return to her workstation either the day of the meeting or the next day.

123.   P. Yazzie continues to experience excruciating mental anguish because of the extreme invasion of her privacy FDIHB allowed to occur.

C.  Garrison Sloan

124.   On March 6, 2018, a federal grand jury indicted Sloan on thirty-four felony counts of surreptitious recording or viewing, voyeurism, and sexual exploitation of a minor. A copy of the Indictment is attached as Exhibit 1.

125.   Sloan was arrested on March 16, 2018.

126.   Margaret Lynch sent an email to FDIHB staff informing staff of the arrest, a copy of which is attached as Exhibit 2.

127.   On July 11, 2018 Sloan entered a plea of guilty to Counts 16, 18-20, 22-23, 25, 27, 28, and 30 of the Indictment.

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ʳᵈ Floor
Flagstaff, AZ 86001
(928) 774-1478

128.     On October 2, 2018 U.S. District Court Judge Douglas L. Rayes sentenced Sloan to six years in prison, lifetime probation, and mandatory lifetime registration as a sex offender.

129.     Sloan has a criminal history for surreptitiously videotaping and photographing people in private places.

130.     In 2004, Arizona State University ("ASU") police arrested Sloan for surreptitiously recording and photographing women in the ASU swim team locker room.

131.     This case drew public attention, as the article attached as Exhibit 3 shows.

132.     In 2018 and at present, this article is the first entry that appears on an internet search of "Garrison Sloan."

133.     To the ASU allegations, Sloan entered a guilty plea in the Maricopa County Superior Court to Attempted Surreptitious Videotaping, as a Class 6 Felony, on March 15, 2006. A copy of the court's minute entry accepting Sloan's guilty plea is attached as Exhibit 4.

134.     The Maricopa County Superior Court sentenced Sloan to three years of probation, ordered him to serve three months in jail, and required him to register as a sex offender. A copy of the court's minute entry for sentencing is attached as Exhibit 5.

D.  Warnings FDIHB Received Regarding Garrison Sloan

135.     On March 8, 2018 Loretta Goldtooth, Sloan's former wife ("Goldtooth"), called FDIHB to express sympathy for the victims of Sloan's criminal activities.

136.     Goldtooth spoke with Dejolie, the executive assistant to FDIHB's CEO.

137.     Goldtooth informed Dejolie she had called FDIHB in 2013 to warn FDIHB's leadership of Sloan's criminal history and his habit of surreptitiously photographing and

recording people in restrooms and locker rooms.

138.    In 2013, Goldtooth spoke with Dr. Leland Leonard ("Leonard"), FDIHB's then CEO, and Mr. Virgil Chavez ("Chavez"), FDIHB's IT Director and Sloan's supervisor.

139.    Goldtooth warned both Leonard and Chavez that Sloan had a criminal conviction for surreptitiously photographing and recording women, that he was on probation, and that he had active warrants for his arrest.

140.    Goldtooth asked Leonard and Chavez not to inform Sloan, to whom she was still married at the time, about their conversation.

141.    Sloan learned of Goldtooth's conversations with Leonard and Chavez and beat Goldtooth severely the night he learned of such conversations.

142.    After Goldtooth's warnings, FDIHB took no action regarding Sloan's employment and appears not to have investigated Sloan's history.

143.    FDIHB made no effort to verify Goldtooth's allegations, monitor Sloan's activities, or otherwise investigate Sloan's potential to commit similar crimes in the future.

E.  FDIHB's Violations of its Policies

144.    FDIHB failed to follow several of its own policies in this matter, violating its own procedures and placing its employees in clear danger of being victims of Sloan's sexual predation.

145.    FDIHB must have failed to conduct the background check required by Policy 1.6(III)(1), a copy which is attached as Exhibit 6.

///

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

146.    Had FDIHB done a background check, Garrison Sloan would have failed such background check and, pursuant to FDIHB's own policy, FDIHB would not have offered Sloan a position. Policy 1.6(I)(2); Exhibit 6, p.8.

147.    FDIHB also violated numerous sections of Policy 1.8, Expectations of Conduct, a copy of which is attached as Exhibit 7.

148.    FDIHB was negligent in not responding to Goldtooth's allegations, which "result[ed] in damage or harm to employees." Policy 1.8(III)(A)(7); Exhibit 7, p.2.

149.    FDIHB also failed to "supervise and manage employees appropriately," failed "to report unsafe working conditions," allowed employees to be "[e]ngaging in sexual harassment," and did not take into account Sloan's "[o]ff-duty misconduct that damages the interests or reputation of FDIHB." These failures violated Policy 1.8 Sections (III)(A)(14), (15), (16), and (21), respectively. Exhibit 7, pp.2-3.

150.    FDIHB also violated its Policy 2.9(II)(B) by not terminating Garrison Sloan when it learned of his past sexual harassment and other criminal acts. Exhibit 8, p.1.

F.   Federal Tort Claims Act

151.    By failing to act on the credible information Goldtooth provided to FDIHB, FDIHB and the U.S. Government are liable to Plaintiffs pursuant to the Federal Tort Claims Act.

152.    The FTCA is codified at 28 U.S.C. § 2674, and states:

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ʳᵈ Floor
Flagstaff, AZ 86001
(928) 774-1478

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ʳᵈ Floor
Flagstaff, AZ 86001
(928) 774-1478

153.    Congress provided that the United States would subject itself to liability under the Federal Tort Claims Act ("FTCA") for torts of tribal employees hired and acting pursuant to such self-determination contracts under the ISDEAA.

154.    In an FTCA action, the U.S. District Court applies the law of the state in which the alleged act occurred.

G.  Notices of Claim

155.    Anthony served a Notice of Claim against FDIHB and HHS for the sum of Two-Hundred Thousand Dollars ($200,000.00) on November 2, 2018. A copy of Anthony's Notice of Claim is attached as Exhibit 9.

156.    Becenti served a Notice of Claim against FDIHB and HHS for the sum of One Million Dollars ($1,000,000.00) on January 17, 2019. A copy of Becenti's Notice of Claim to FDIHB, which is identical to her claim to HHS, is attached as Exhibit 10.

157.    Curley served a Notice of Claim against FDIHB and HHS for the sum of One Million Dollars ($1,000,000.00) on October 19, 2018.  A copy of Curley's Notice of Claim to FDIHB, which is identical to her claim to HHS, is attached as Exhibit 11.

158.    Dejolie served a Notice of Claim against FDIHB and HHS for the sum of One Million Dollars ($1,000,000.00) on January 23, 2019.  A copy of Dejolie's Notice of Claim to FDIHB, which is identical to her claim to HHS, is attached as Exhibit 12.

159.     Delgarito served a Notice of Claim against FDIHB and HHS for the sum of Two Hundred Thousand Dollars ($200,000.00) on November 2, 2018.  A copy of Delgarito's Notice of Claim is attached as Exhibit 13.

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ᴿᴰ Floor
Flagstaff, AZ 86001
(928) 774-1478

160.     Garcia served a Notice of Claim against FDIHB and HHS for the sum of One Million Dollars ($1,000,000.00) on June 14, 2018.  A copy of Garcia's Notice of Claim is attached as <u>Exhibit 14</u>.

161.     Halona served a Notice of Claim against FDIHB and HHS for the sum of One Million Dollars ($1,000,000.00) on October 19, 2018.  A copy of Halona's Notice of Claim to FDIHB, which is identical to her claim to HHS, is attached as <u>Exhibit 15</u>.

162.     James-Tafoya served a Notice of Claim against FDIHB and HHS for the sum of One Million Dollars ($1,000,000.00) on November 7, 2018.  A copy of James-Tafoya's Notice of Claim to FDIHB, which is identical to her claim to HHS, is attached as <u>Exhibit 16</u>.

163.     Saganey, whose last name was Shirley at the time, served a Notice of Claim against FDIHB and HHS for the sum of Two Hundred Thousand Dollars ($200,000.00) on November 2, 2018.  A copy of Saganey's Notice of Claim is attached as <u>Exhibit 17</u>.

164.     Thompson served a Notice of Claim against FDIHB and HHS for the sum of Two Hundred Thousand Dollars ($200,000.00) on November 2, 2018.  A copy of Thompson's Notice of Claim is attached as <u>Exhibit 18</u>.

165.     Whitehorse served a Notice of Claim against FDIHB and HHS for the sum of Two Hundred Thousand Dollars ($200,000.00) on November 2, 2018.  A copy of Whitehorse's Notice of Claim is attached as <u>Exhibit 19</u>.

166.     J. Yazzie served a Notice of Claim against FDIHB and HHS for the sum of One Million Dollars ($1,000,000.00) on October 24, 2018.  A copy of J. Yazzie's Notice of Claim to FDIHB, which is identical to her claim to HHS, is attached as <u>Exhibit 20</u>.

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ʳᵈ Floor
Flagstaff, AZ 86001
(928) 774-1478

167.     P. Yazzie served a Notice of Claim against FDIHB and HHS for the sum of One Million Dollars ($1,000,000.00) on March 29, 2019.  A copy of P. Yazzie's Notice of Claim to FDIHB, which is identical to her claim to HHS, is attached as Exhibit 21.

168.     HHS did not make a final disposition of any Plaintiff's claim within six months after each Plaintiff served her Notice of Claim.

169.     Pursuant to 28 U.S.C. § 2675, Plaintiffs deem HHS's inaction on each Notice of Claim as a denial of the claim.

### COUNT I

### (Negligence)

170.     Plaintiffs incorporate the foregoing allegations herein as if restated in full.

171.     In Arizona, to establish a claim for negligence, a plaintiff must prove four elements:

(1) a duty requiring the defendant to conform to a certain standard of care;

(2) breach by the defendant of that standard;

(3) causal connection between the defendant's conduct and resulting injury; and

(4) damages.

172.     FDIHB had a duty to warn and protect its employees from any danger of which FDIHB knew or should have known and of which employees were unaware and unlikely to discover.

173.     FDIHB had a duty to discover and correct or warn of hazards FDIHB should have reasonably foreseen as endangering its employees.

///

- 21 -

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

174.    FDIHB had a duty to warn its employees and protect them from a sexual predator in FDIHB's employ, of whom FDIHB had knowledge.

175.    FDIHB breached these duties, which allowed Sloan to victimize Plaintiffs.

176.    There is a clear causal connection between FDIHB's duties to its employees and Plaintiffs' resulting injury.

177.    Plaintiffs have been severely damaged by FDIHB's breach of its duties to employees.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

a.    For compensatory damages for mental anguish, emotional distress, loss of enjoyment of life, and mental pain and suffering in the amount of each Plaintiff's Notice of Claim;

b.    For taxable costs; and

c.    For such other and further relief as might be just and proper under the circumstances of this case.

**COUNT II**

**(Negligent Hiring, Retention, and Supervision)**

178.    Plaintiffs incorporate the foregoing allegations herein as if restated in full.

///

///

///

- 22 -

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

179.    In Arizona, an employer is liable for negligent hiring, retention, or supervision if the employer is negligent or reckless:

(1) Giving improper or ambiguous orders or failing to make proper regulations;

(2) Employing improper persons or instrumentalities in work involving risk of harm to others;

(3) Supervising the activity or employee; or

(4) Permitting, or failing to prevent, negligent or other tortious conduct by persons upon premises or with instrumentalities under the employer's control.

180.    FDIHB was negligent or reckless in hiring Sloan, as FDIHB must not have conducted a background check on Sloan.

181.    FDIHB was negligent or reckless in retaining Sloan after receiving accurate warnings that Sloan was a sexual predator.

182.    Sloan was an improper person for FDIHB to employ in FDIHB's IT department, as his access to IT equipment involved risk of harm to Plaintiffs.

183.    FDIHB was negligent or reckless in its supervision of Sloan, as Sloan used his FDIHB access and possibly FDIHB IT equipment to victimize Plaintiffs.

184.    FDIHB was negligent or reckless or reckless in permitting or failing to prevent Sloan's criminal conduct.

///

///

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

1    WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

2    a. For compensatory damages for mental anguish, emotional distress, loss of

3    enjoyment of life, and mental pain and suffering in the amount of each Plaintiff's Notice of

4    Claim;

5    b.   For taxable costs; and

6    c.   For such other and further relief as might be just and proper under the

7    circumstances of this case.

8

### COUNT III

### (Invasion of Privacy)

11   185.   Plaintiffs incorporate the foregoing allegations herein as if restated in full.

12   186.   Under Arizona law, a defendant is liable for invasion of privacy when the defendant

13   makes public a matter concerning the private life of another, if the matter publicized is of a

14   kind that:

15   (1) Would be highly offensive to a reasonable person, and

16   (2) Is not of legitimate concern to the public.

17   187.   The employer of a person who invades another's privacy is vicariously liable to the

18   victim if the employer has the right to exercise direction and control over the employee in the

19   conduct of his business.

20   188.   Sloan invaded Plaintiffs' privacy in a way highly offensive to a reasonable person

21   and in a way not of legitimate concern to the public.

- 24 -

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

189.   FDIHB is liable to Plaintiffs for invasion of privacy because FDIHB exercised control over Sloan in the conduct of his work and failed to protect employees from Sloan's criminal acts.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

a.   For compensatory damages for mental anguish, emotional distress, loss of enjoyment of life, and mental pain and suffering in the amount of each Plaintiff's Notice of Claim;

b.   For taxable costs; and

c.   For such other and further relief as might be just and proper under the circumstances of this case.

## COUNT IV

### (Intentional Infliction of Emotional Distress)

190.   Plaintiffs incorporate the foregoing allegations herein as if restated in full.

191.   In Arizona, an individual is liable to another for intentional infliction of emotional distress in the following circumstances:

(1) The defendant's conduct is extreme and outrageous;

(2) The defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and

(3) Severe emotional distress must occur as a result of defendant's conduct.

///

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

192.    FDIHB's ignoring the clear and accurate warnings it received about Sloan is extreme and outrageous.

193.    Ignoring reports FDIHB was employing a sexual predator and registered sex offender with a history of surreptitious photographing and videotaping women in restrooms and locker rooms recklessly disregarded the near certainty that Sloan would cause FDIHB's employees severe emotional harm.

194.    Plaintiffs did experience, and continue to experience, severe emotional distress as a result of FDIHB's reckless disregard for Plaintiffs' safety.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

a.    For compensatory damages for mental anguish, emotional distress, loss of enjoyment of life, and mental pain and suffering in the amount of each Plaintiff's Notice of Claim;

b.    For taxable costs; and

c.    For such other and further relief as might be just and proper under the circumstances of this case.

DATED:  January 3, 2020

s/Kathryn G. Mahady
**ASPEY WATKINS & DIESEL, PLLC**
*Attorneys for Plaintiffs*

- 26 -