Jason J. Bliss (18246)
Kathryn G. Mahady (28916)
Michael J. Victor (036308)
**ASPEY WATKINS & DIESEL, PLLC**
123 N. San Francisco Street, 3rd Floor
Flagstaff, Arizona 86001
Telephone: (928) 774-1478
KMahady@awdlaw.com
JBliss@awdlaw.com
MVictor@awdlaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony, Ophelia; Barney, Nichole; Becenti, Johnathan; Becenti, JoVonna; Curley, Pauline; Dejolie, Margaret; Delgarito, Cherilyn; Garcia, Cynthia; Halona, Rhonda; Hoskie, Murvyn; James-Tafoya, Tina; Milford, Tatiana; Saganey, Elvera; Thompson, Cherrilyn; Whitehorse, Jamie; Yazzie, Jamie; and Yazzie, Paula,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | Case No. CV-20-08002-PCT-DJH<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs respectfully move this Court for leave to file a very brief surreply in response to new arguments Defendant raised for the first time in Defendant's *Reply in Support of Its Motion for Summary Judgment* (Doc. 77 in Docket) ("Reply").

A court generally should not consider issues a party raises for the first time in a reply brief. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n.4 (9th Cir. 2000) (internal citations omitted). While neither the Federal Rules of Civil Procedure nor the Local Rules for the District of Arizona provide a right to file a surreply, the Court may grant a party leave to file a surreply when an opposing party raises an entirely new issue in a reply brief which the Court, in its discretion, chooses to consider. *Kaufman v. Warner Bros. Ent. Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 2084460, at *2 (D. Ariz. May 13, 2019); *ML Liquidating Tr. v. Mayer Hoffman McCann P.C.*, No. 2:10-CV-02019-RRB, 2011 WL 10451619, at *1 (D. Ariz. Mar. 11, 2011).

In its January 21, 2022 *Reply* Defendant United States argues, for the first time, that Plaintiffs must name an individual defendant whose negligent acts gave rise to tort liability under the Federal Tort Claims Act ("FTCA") and that Plaintiffs failed to do so. *Reply*, p.2, ¶17; p.9, ¶4; p.10, ¶28. This new argument is an inaccurate statement of the requirements of the FTCA, but because Defendant raised this new argument for the first time in its *Reply*, Plaintiffs do not have any opportunity to respond substantively to this argument.

Plaintiffs ask this Court to allow them a fair opportunity to respond to the new argument Defendant raised in its *Reply*. Plaintiffs' Proposed Surreply is attached to this *Motion* and does not address any arguments except Defendant's new argument that Plaintiffs needed to name a specific negligent employee for liability to attach pursuant to the FTCA.

A proposed Form of Order accompanies this motion.

DATED: April 7, 2022.

s/Kathryn G. Mahady
**ASPEY WATKINS & DIESEL, PLLC**
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the April 7, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brock Heathcotte, Esq.
United States Attorneys' Office
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, AZ 850004-4408
Brock.Heathcotte@usdoj.gov
*Attorneys for Defendant*

/s/*Hannah Principato*

- 3 -