Jason J. Bliss (18246)
Kathryn G. Mahady (28916)
Michael J. Victor (036308)
**ASPEY WATKINS & DIESEL, PLLC**
123 N. San Francisco Street, 3rd Floor
Flagstaff, Arizona 86001
Telephone: (928) 774-1478
KMahady@awdlaw.com
JBliss@awdlaw.com
MVictor@awdlaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony, Ophelia; Barney, Nichole; Becenti, Johnathan; Becenti, JoVonna; Curley, Pauline; Dejolie, Margaret; Delgarito, Cherilyn; Garcia, Cynthia; Halona, Rhonda; Hoskie, Murvyn; James-Tafoya, Tina; Milford, Tatiana; Saganey, Elvera; Thompson, Cherrilyn; Whitehorse, Jamie; Yazzie, Jamie; and Yazzie, Paula, <br><br>Plaintiffs, <br><br>vs. <br><br>United States of America, <br><br>Defendant. | Case No. CV-20-08002-PCT-DJH <br><br> **PLAINTIFFS' [PROPOSED] SURREPLY RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs, by and through undersigned counsel, submit the following *Surreply* to Defendant United States' ("Defendant") *Reply in Support of Its Motion for Summary Judgment* (Doc. 77 in Docket) ("Reply"). This *Surreply* is supported by the following Memorandum of Points and Authorities.

- 1 -

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant argued for the first time in its *Reply* that the Federal Tort Claims Act ("FTCA") required Plaintiffs to identify an individual negligent employee in this matter and that Plaintiffs failed to do so. *Reply*, p. 2, ¶17; p. 9, ¶4; p. 10, ¶28. Defendant provided no authority to support this argument. *Id.* Plaintiffs, having been granted leave by this Court to file a *Surreply*, hereby dispute Defendant's unsupported argument on the following grounds.

While Defendant points to no cases in support of its new argument, Plaintiffs have identified numerous FTCA cases wherein no such requirement was contemplated, let alone established. For instance, in *Nurse v. U.S.*, Plaintiff brought an FTCA claim under the theory that unknown employees, whose negligence was attributed to the United States, discriminated against her during an unlawful arrest and search at the Los Angeles International Airport. 226 F.3d 996, 1002 (9th Cir. 2000). The Ninth Circuit did not take issue with the unknown identity of the allegedly negligent employees. *Id*.

*Nurse* is one of many FTCA cases in which the plaintiff either did not, or could not, identify an individual employee who committed the act(s) giving rise to FTCA liability. *See e.g.*, *Baker v. U.S.*, 817 F.2d 560, 561-62 (9th Cir. 1987) (overturning a district court's dismissal of FTCA complaints alleging unknown employees of the Department of Health, Education, and Welfare failed to adhere to the Department's regulations in supervising vaccine testing); *Emeric v. U.S.*, 2010 WL 1838082 *1-3 (D. Puerto Rico 2010) (finding FTCA liability attached in claims that unknown tortfeasors negligently caused actual harm, without ruling on whether the unknown tortfeasors were liable); *Sarafian V. United States,*

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

2015 WL 6125430 *3 fn. 3 (C.D. Cal. 2015) ("Plaintiff also knew that he did not need the names of individual officers before presenting his tort claim, explicitly noting that the United States […] was the only defendant from whom he sought damages"); *Smith v. United States*, 860 F.3d 995, (7th Cir. 2017) (FTCA liability could attach in a case in which no individual employees were identified).

The series of cases cited above demonstrates that both trial and appellate courts have heard and adjudicated FTCA claims without the plaintiffs in such cases identifying an individual tortfeasor. Defendant's argument that Plaintiff needed to name a specific negligent employee for FTCA liability to attach in this matter fails, as there is no such requirement.

For the forgoing reasons, as well as those cited in Plaintiffs' Response to Defendant's Motion for Summary Judgment (Doc. 74 in Docket), Plaintiffs respectfully request that this Court deny Defendant's Motion for Summary Judgment (Doc. 67 in Docket).

DATED: April 7, 2022.

s/Kathryn G. Mahady
**ASPEY WATKINS & DIESEL, PLLC**
*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2022 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brock Heathcotte, Esq.
United States Attorneys' Office
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, AZ 850004-4408
Brock.Heathcotte@usdoj.gov
*Attorneys for Defendant*

/s/*Hannah Principato*